# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | 25-1058 Byers et al. v. Painter et al. |
|---|---|
| **Originating No. & Caption** | 3:23-cv-00801-RCY Byers et al. v. Painter et al. |
| **Originating Court/Agency** | Eastern District of Virginia, Richmond Division |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. Section 1291 |
| Time allowed for filing in Court of Appeals | 30 days from entry of order |
| Date of entry of order or judgment appealed | 1/13/2025 |
| Date notice of appeal or petition for review filed | 1/15/2025 |
| If cross appeal, date first appeal filed | |
| Date of filing any post-judgment motion | |
| Date order entered disposing of any post-judgment motion | |
| Date of filing any motion to extend appeal period | |
| Time for filing appeal extended to | |
| Is appeal from final judgment or order? | ⦿ Yes    ○ No |
| If appeal is not from final judgment, why is order appealable? | |
| This appeal arises out of the District Court's denial of qualified immunity, which is appealable at this time pursuant to 28 U.S.C. Section 1291. See Mitchell v. Forsyth, 472 U.S. 511 (1985). | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | Barnes v. Felix, SCOTUS No. 23-1239 | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ◉ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Appellees sued Corporal Painter relating to the death of their adult son, Charles Byers. Corporal Painter and another Chesterfield County police officer responded to emergency 911 calls reporting a male suspect attempting to break and enter multiple homes. When the officers arrived, they found Mr. Byers, who matched the suspect's description, holding a hatchet. Mr. Byers refused repeated commands to drop the weapon and challenged the officers to "come get it." Corporal Painter shot and killed Mr. Byers. Appellees brought suit under 42 U.S.C. Section 1983 alleging excessive force in violation of the Fourth Amendment (Count III). Appellees also brought a Virginia state law claim based on negligence, gross negligence, and willful and wanton conduct (Count V).<br><br>The District Court denied Corporal Painter's motion to dismiss the excessive force claim, which was based on qualified immunity. The District Court found that Appellees had pleaded a constitutional violation and that Corporal Painter's alleged conduct violated clearly established law. The District Court granted Corporal Painter's motion to dismiss the state law claim to the extent it was based on negligence and gross negligence, but ruled that the claim could go forward to the extent it was based on allegations of willful and wanton conduct. |

| **Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary) |
|---|
| Whether Corporal Painter is entitled to qualified immunity because 1) his use of deadly force, viewed from the perspective of a reasonable law enforcement officer on the scene and in light of the totality of the circumstances, did not violate Appellees' Fourth Amendment rights, and 2) his conduct did not violate clearly established law.<br><br>Whether the District Court erred in applying a "moment of force" test that failed to consider the totality of the circumstances and the critical events preceding the use of deadly force.<br><br>Whether the District Court erred in finding that Appellees plausibly alleged a Virginia state law claim based on willful and wanton conduct, despite finding that Appellees' gross negligence claim failed as a matter of law because Appellees' allegations established that Corporal Painter had exercised some degree of care. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Margaret P. Byers<br>Co-administrator of the Estate of Charles M. Byers<br>Attorney: Paul M. Curley<br>Address: SIX EAST LAW GROUP – CURLEY LAW FIRM, PLLC<br>6 East Broad Street<br>Richmond, Virginia 23219<br><br>E-mail: paul.curley@sixeastlaw.com<br><br>Phone: 804-355-8273 | Adverse Party: Michael C. Byers<br>Co-administrator of the Estate of Charles M. Byers<br>Attorney: Paul M. Curley<br>Address: SIX EAST LAW GROUP – CURLEY LAW FIRM, PLLC<br>6 East Broad Street<br>Richmond, Virginia 23219<br><br>E-mail: paul.curley@sixeastlaw.com<br><br>Phone: 804-355-8273 |
| **Adverse Parties (continued)** ||
| Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Gordon J. Painter<br><br>Attorney: Jeffrey L. Mincks<br>Address: Chesterfield County, Virginia<br>P. O. Box 40<br>Chesterfield, VA 23832<br><br>E-mail: seyfarthj@chesterfield.gov<br><br>Phone: 804-748-1491 | Name: Gordon J. Painter<br><br>Attorney: Julie A. C. Seyfarth<br>Address: Chesterfield County, Virginia<br>P. O. Box 40<br>Chesterfield, VA 23832<br><br>E-mail: seyfarthj@chesterfield.gov<br><br>Phone: 804-748-1491 |
| **Appellant (continued)** ||
| Name: Gordon J. Painter<br><br>Attorney: Andrew J. Fulwider<br>Address: Chesterfield County, Virginia<br>P. O. Box 40<br>Chesterfield, VA 23832<br><br>E-mail: fulwidera@chesterfield.gov<br><br>Phone: 804-748-1491 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

Signature: /s/ Julie A.C. Seyfarth          Date: 1/31/25

Counsel for: Gordon J. Painter

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on Paul Curley by ☐ personal delivery; ☑ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

Paul M. Curley
SIX EAST LAW GROUP –
CURLEY LAW FIRM, PLLC
6 East Broad Street
Richmond, Virginia 23219

Signature: /s/ Julie A.C. Seyfarth          Date: 1/31/25